## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LANDRY DIXON**                                      **CIVIL ACTION**

**VERSUS**                                             **NO:  12-3026**

**24TH JUDICIAL DISTRICT COURT,**           **SECTION: "S" (3)**
**ET AL.**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by  Jefferson Parish District Attorney Paul Connick, Jr. and former Jefferson Parish Assistant District Attorney John J. Molaison, Jr. (Doc. #12) is **GRANTED**, and plaintiff's claims against them are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

This matter is before the court on a motion to dismiss filed by the Jefferson Parish District Attorney, Paul Connick, Jr., and former Jefferson Parish Assistant District Attorney, John J. Molaison, Jr.  Connick and Molaison argue that they are entitled to absolute prosecutorial immunity regarding Landry Dixon's claims against them.

On January 22, 2013, filed a complaint in this United States District Court for the Eastern District of Louisiana alleging that various State officials violated his civil rights in connection with a prosecution against him in the late 1980s and early 1990s for forgery.  Dixon named Molaison as a defendant.  The sole allegation against Molaison is that he represented the State in defending against Dixon's petition to expunge his criminal conviction, and represented to the court that Dixon was a multiple offender.  Dixon also filed an amended complaint wherein his alleges that Paul D. Connick, Jr. "was and is the District Attorney of and for the Parish of Jefferson, Louisiana."  There are no other allegations against Connick.

**ANALYSIS**

**A.      Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965.  The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).  However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Id. at 498-99 (internal citations omitted).

2

**B.      Absolute Prosecutorial Immunity**

Connick and Molaison argue that they are entitled to absolute immunity against Dixon's lawsuit because Dixon's claims arise out of their prosecutorial functions.  Dixon alleges that Connick is the District Attorney of Jefferson Parish, but does not make any factual allegations against him. Dixon alleges that Molaison represented the State of Louisiana in defending against Dixon's petition to expunge his conviction.

Prosecutors are entitled to absolute immunity for acts performed as advocates of the State. Imbler v. Pachtman, 96 S.Ct. 984, 995, n. 33 (1976). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994).  A prosecutor's absolute immunity also extends to "'actions preliminary to initiation of a prosecution and actions apart from the courtroom.'" Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993) (quoting Imbler, 96 S.Ct. at 995, n. 33). "Absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987).  Further, prosecutors are absolutely immune from malicious prosecution suits "when the activities complained of fall within the scope of the prosecutor's role as an advocate for the state and are intimately associated with the conduct of the judicial phase of the criminal process." Knapper v. Connick, 681 So.2d 944, 950 (La. 1996).  Such absolute immunity is necessary due to the "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Imbler, 96 S.Ct. at 991.

Dixon's claims against Connick and Molaison arise out of their functions as district attorneys as advocates for the State.  Specifically, Dixon alleges that Connick is the current District Attorney for Jefferson Parish, and that Molaison violated his constitutional rights while acting as an advocate for the State in connection with Dixon's petition to expunge his criminal conviction.  There is no allegation that either Connick or Molaison performed any actions regarding Dixon that were outside the scope of their duties as district attorneys representing the State.  Further, Connick was not the Jefferson Parish District Attorney at the time of Dixon's prosecution.  Therefore, Connick and Molaison are entitled to absolute prosecutorial immunity, and Dixon's claims against them are dismissed with prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by  Jefferson Parish District Attorney Paul Connick, Jr. and former Jefferson Parish Assistant District Attorney John J. Molaison, Jr. (Doc. #12) is **GRANTED**, and plaintiff's claims against them are **DISMISSED WITH PREJUDICE**.


New Orleans, Louisiana, this  __1st__  day of May, 2013.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**