UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-3026** |
| **24TH JUDICIAL DISTRICT COURT, ET AL.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Joseph F. Grefer, Martha E. Sassone and John Cannella, former judges of the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana (Doc. #23) is **GRANTED**, and plaintiff's claims against them are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

This matter is before the court on a motion to dismiss filed by former judges of the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, Joseph F. Grefer, Martha E. Sassone and John Cannella. The defendants argue that they are entitled to absolute judicial immunity regarding Landry Dixon's claims against them.

On January 22, 2013, Dixon filed a complaint in this United States District Court for the Eastern District of Louisiana alleging that various State officials violated his civil rights in connection with a prosecution against him in the late 1980s and early 1990s for forgery. Dixon named Grefer, Sassone and Cannella as defendants.

Dixon alleges that Cannella issued a warrant for his arrest in November 1987, in connection with forgery charges. Dixon alleges that Grefer presided over his arraignment on December 15, 1989, at which time Dixon pleaded not guilty to the charges against him. Dixon also alleges that Grefer subsequently "ignored" or "summarily denied" Dixon's defense motions. Further, Dixon

alleges that on January 28, 1994, Sassone "heard and denied" his petition to set aside or expunge his conviction.

Grefer, Sassone and Canella filed a motion to dismiss arguing that they are entitled to absolute judicial immunity regarding Dixon's claims against them.

## ANALYSIS

**A.   Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965.  The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.  In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

**B.      Absolute Judicial Immunity**

Grefer, Sassone and Canella argue that they are entitled to absolute judicial immunity against Dixon's lawsuit because Dixon's claims against them arise out of their judicial functions.

It has long been held that "[a] judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any action performed in his [or her] judicial role," even when such acts are in excess of his or her jurisdiction, and are alleged to have been performed maliciously or corruptly. Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (internal citations omitted); Bradley v. Fischer, 80 U.S. (13 Wall.) 335, 351 (1871).  The Supreme Court of the United States has explained:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery, and eventual trial.

Mireles v. Waco, 112 S.Ct. 286, 288 (1991).

However, the Supreme Court has recognized two instances in which judicial immunity is inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, through judicial in nature, taken in the complete absence of jurisdiction.

Mireles, 112 S.Ct. at 288.

Regarding the first exception, the Supreme Court of the United States has explained:

> The relevant cases demonstrate that the factors determining whether an action by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge,

3

>    and to the expectations of the parties, *i.e.*, whether they dealt with the
>    judge in his [or her] judicial capacity.

Stump v. Steward, 98 S.Ct. 1099, 1107 (1978)

More specifically, in determining whether a judge's actions were judicial in nature, the court should consider: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces, such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his or her official capacity. Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing McAlester v. Brown, 469 F.2d 1280, 1282 (5th Cir. 1972)).

Dixon's claims against Grefer, Sassone and Cannella clearly arise out of their judicial functions. All of the actions about which Dixon complains, the issuing of a warrant, presiding over an arraignment, ruling on motions, and ruling on a petition for expungement, are judicial functions centered around a case pending before the court that occurred in the courtroom or the judge's chambers, and arose out of a visit to the judge in his or her official capacity.

There is no allegation that Grefer, Sassone or Cannella performed any actions regarding Dixon that were outside the scope of their judicial duties. Therefore, Grefer, Sassone and Cannella are entitled to absolute judicial immunity, and Dixon's claims against them are dismissed with prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Joseph F. Grefer, Martha E. Sassone and John Cannella, former judges of the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana (Doc. #23) is **GRANTED**, and plaintiff's claims against them are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  20th day of June, 2013.

                                                **MARY ANN VIAL LEMMON**
                                     **UNITED STATES DISTRICT JUDGE**