UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-3026** |
| **24TH JUDICIAL DISTRICT COURT, ET AL.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by former Jefferson Parish Assistant District Attorney Ronald T. Gracianette (Doc. #38) is **GRANTED**, and plaintiff's claims against him are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

This matter is before the court on a motion to dismiss filed by former Jefferson Parish Assistant District Attorney, Ronald T. Gracianette, who argues that he is entitled to absolute prosecutorial immunity regarding Landry Dixon's claims against him.

On January 22, 2013, Dixon filed a complaint in this United States District Court for the Eastern District of Louisiana alleging that various State officials violated his civil rights in connection with a prosecution against him in the late 1980s and early 1990s for forgery. Dixon named Gracianette as a defendant, but did not make any substantive allegations regarding Gracianette's involvement in the prosecution. Dixon attached records of the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana regarding his prosecution to his complaint. These records indicate that Gracianette represented the State at Dixon's arraignment, which was continued and reset multiple times.

**ANALYSIS**

**A.    Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." Id. at 498-99 (internal citations omitted).

**B.     Absolute Prosecutorial Immunity**

Gracianette argues that he is entitled to absolute immunity against Dixon's lawsuit because Dixon's claims arise out of his prosecutorial functions. Dixon alleges that Gracianette is a former the Jefferson Parish Assistant District Attorney, but does not make any factual allegations against him. The records from the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana that are attached to the complaint indicate that Gracianette represented the State at Dixon's arraignment.

Prosecutors are entitled to absolute immunity for acts performed as advocates of the State. Imbler v. Pachtman, 96 S.Ct. 984, 995, n. 33 (1976). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "'actions preliminary to initiation of a prosecution and actions apart from the courtroom.'" Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993) (quoting Imbler, 96 S.Ct. at 995, n. 33). "Absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987). Further, prosecutors are absolutely immune from malicious prosecution suits "when the activities complained of fall within the scope of the prosecutor's role as an advocate for the state and are intimately associated with the conduct of the judicial phase of the criminal process." Knapper v. Connick, 681 So.2d 944, 950 (La. 1996). Such absolute immunity is necessary due to the "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Imbler, 96 S.Ct. at 991.

3

Dixon's claims against Gracianette arise out of his function as an assistant district attorney as an advocate for the State. There is no allegation that Gracianette performed any actions regarding Dixon that were outside the scope of his duties as an assistant district attorney representing the State. Therefore, Gracianette is entitled to absolute prosecutorial immunity, and Dixon's claims against him are dismissed with prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by former Jefferson Parish Assistant District Attorney Ronald T. Gracianette (Doc. #38) is **GRANTED**, and plaintiff's claims against him are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  15th  day of July, 2013.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE