UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-3026** |
| **24TH JUDICIAL DISTRICT COURT, ET AL.** | **SECTION "S" (3)** |

## ORDER

Before the Court are the Motion in Opposition to Defense Motion to Quash [Doc. #36], plaintiff's Motion to Compel [Doc. #42] and the Motion to Quash Subpoena and Objections to Requests for Production of Documents Filed on Behalf of District Attorney Paul D. Connick [Doc. #49].

**I.     Background**

Dixon sued numerous defendants in December 2012, alleging that he was falsely arrested on November 21, 1989 on two charges of forgery. Dixon pleaded guilty to one count of forgery. He attaches his guilty plea to his complaint. Defendants either answered or filed a motion to dismiss Dixon's complaint. The District Court has granted all of the motions to dismiss. As of this date, there has been no scheduling order issued by the District Court pursuant to Federal Rule of Civil Procedure 16(b), and the parties have not met and conferred regarding discovery pursuant to Rule 26(f).

**II.     The Motion in Opposition to Defense Motion to Quash [Doc. #36]**

On June 13, 2013, this Court granted as unopposed a motion to quash filed by defendants Paul D. Connick and John J. Molaison, Jr.  In that motion, Connick and Molaison argued that the subpoenas *duces tecum* propounded by Dixon were (1) moot as the District Court had dismissed them from the case; (2) premature because the parties had yet to participate in a Rule 26 conference; and (3) vague, overbroad, unduly burdensome and sought documents not in their possession.  The same day that the Court granted the motion to quash as unopposed, Dixon filed this opposition. The Court thus construes this motion as a motion for reconsideration given that it was filed after this Court had already granted the motion to quash.

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985).  However, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending on when the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).  A motion for reconsideration is analyzed under Rule 59(e) if it is served within 28 days of the court's ruling; otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id.*  Here, defendants filed their motion for reconsideration within 28 days of the Court's order, and the motion is thus properly considered under Rule 59(e).

Courts in this district apply Rule 59(e) to motions to reconsider non-dispositive pre-trial rulings. *See Harveston v. Falcon Workover Co., Inc.*, Civ. A. 96-4172, 1998 WL 166209, (E.D. La. Apr. 8, 1998) (analyzing motion to reconsider trial continuance under Rule 59(e)); *Freeport-McMoran Sulphur, L.L.C. v. Mike Mullen Energy Equip. Res.*, Civ. A. 03-1496, 2004 WL 1488665 (E.D. La. June 30, 2004) (analyzing under Rule 59(e) motion to reconsider court's ruling

as to privileged documents).

Under Rule 59(e), a court's reconsideration of a prior order is an extraordinary remedy that should be used only sparingly and not to re-litigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion. *See Karim v. Finch Shipping Co.*, 111 F. Supp. 2d 783, 784 (E.D. La. 2000). A court may entertain a motion for reconsideration if the moving party demonstrates (1) newly discovered or previously unavailable evidence, (2) that the motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to prevent manifest injustice, or (4) that the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, Civ. A. 99-1586, 2000 WL 802865, at * 2 (E.D. La. May 26, 2000).

Dixon advances no argument as to why this Court should reconsider its earlier ruling. He simply asserts that the subpoenas *duces tecum* are an honest effort to obtain a copy of the prosecutorial policy that allows district attorneys to issue "phony" indictments. That is no reason to reconsider this Court's earlier ruling. The District Court dismissed Connick and Molaison on the ground of absolute prosecutorial immunity. [Doc. #16]. As Connick and Molaison correctly note, one of the purposes of absolute immunity is to shield a defendant from any discovery. *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995). Per the District Court's order, Connick and Molaison are shielded from such discovery. Accordingly, this motion is denied.

### III.    The Motion to Compel [Doc. #42]

In this motion, Dixon seeks to compel compliance with a subpoena *duces tecum* propounded to defendant Sheriff Newell Normand. The subpoena seeks the production "of certain records defining the standard operational procedures to be followed by commissioned officers of the

Jefferson Parish Sheriff's Office (JPSO) in the effecting of arrests of individuals pursuant to issuance of arrest warrants . . . ."  (Pl.'s Mot. Compel at p. 2).

Normand raises three arguments in opposition to the motion.  First, he contends that the motion is premature given that the parties have not yet participated in a Rule 26 conference.  He next argues that a request for documents from an opposing party must be made through a request for production of documents under Rule 34 and not a subpoena under Rule 45.  Lastly, he argues that Dixon is not entitled to the documents as his claims are prescribed and/or he fails to allege a claim for which relief can be granted.

A Rule 45 subpoena is an improper vehicle through which to request documents from an opposing party as it circumvents the time to produce documents allowed under Rule 34.  *See, e.g., Front–Line Promotions & Mktg., Inc. v. Mayweather Promotions*, Civ. A. No. 08-3208, 2009 WL 928568, at *5 (E.D. La. Apr. 2, 2009) ("[P]ursuant to Federal Rule of Civil Procedure 45, a subpoena is an improper mechanism for seeking discovery from a party to the litigation."); *Thomas v. IEM, Inc.*, Civ. A. No. 06-886, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) ("Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties and are 'clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34.'").  Further, "[i]t is improper to use a Rule 45 subpoena for the express purpose of circumventing the response time provided to a party under Rule 34 and the Court's discovery deadline." *Barrington v. Lockheed Martin Corp.*, No.6:05-cv-1601, 2007 WL 1303032, at *4 (M.D. Fla. May 3, 2007). Here, there is no question that Dixon seeks discovery through a Rule 45 *subpoena duces tecum*. Therefore, his use of the subpoena is improper.  This motion is also denied.

## IV.     The Motion to Quash [Doc. #49]

Also before the Court is the Motion to Quash Subpoena and Objections to Requests for Production of Documents Filed on Behalf of District Attorney Paul D. Connick. [Doc. #49]. Plaintiff filed no opposition to the motion in accordance with the Local Rules of this Court. Having reviewed the motion and finding that it has merit, the Court grants the motion as unopposed.

## V.     Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion in Opposition to Defense Motion to Quash [Doc. #36] and plaintiff's Motion to Compel [Doc. #42] are DENIED and the Motion to Quash Subpoena and Objections to Requests for Production of Documents Filed on Behalf of District Attorney Paul D. Connick [Doc. #49] is GRANTED AS UNOPPOSED.

New Orleans, Louisiana, this 23rd day of August, 2013.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**