UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-3026** |
| **24TH JUDICIAL DISTRICT COURT, EL AL.** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure filed by defendants, Deputy J. Cummings and Sheriff Newell Normand (Doc. #84) is **GRANTED**, and plaintiff's claims against them are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider (Doc. #83) this court's March 13, 2014, Order dismissing his claims against S. Buhler under Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve (Doc. #80) is **DENIED** as moot.

## BACKGROUND

This matter is before the court on a motion to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure filed by defendants, Deputy J. Cummings and Sheriff Newell Normand. It is also before the court on a on a motion to reconsider filed by the plaintiff, Landry Dixon, in which he seeks reconsideration of this court's Order dismissing his claims against S. Buhler for failure timely to serve. Because the court determines that dismissal is appropriate, it is unnecessary to address plaintiff's motion to reconsider.

On January 22, 2013, Dixon filed a complaint in this United States District Court for the Eastern District of Louisiana alleging that various State officials violated his civil rights in connection with an arrest and prosecution against him in the late 1980s and early 1990s for forgery.

Dixon alleges that on November 24, 1987, he was arrested by members of the New Orleans Police Department "and officers of the LA Motor Vehicle Bureau, and charged with auto theft by fraud, injuring public records, and forgery at the Audubon Automotive Dealership, 11455 Airline Hwy, Baton Rouge, LA 70816; and booked into the East Baton Rouge Parish Jail with said state felonies." Dixon alleges that he pleaded guilty to "auto theft by the fraudulent transmission of a forged Power of Attorney for the expressed purpose of gaining possession of one 1987 Ford Van," and was sentenced to probation. He further alleges that the other charges were dropped by the East Baton Rouge Parish District Attorney's Office.

Dixon also alleges that on November 21, 1989, he was "kidnaped" when Buhler and Cummings arrested him on two counts of forgery. The complaint and arrest record from the Jefferson Parish Sheriff's Office, which were attached as exhibits to Dixon's complaint, state that the offense occurred in Jefferson Parish and that the complainant was Interstate Ford, a dealership located on Veterans Memorial Boulevard in Metairie, Louisiana. Dixon alleges that the 1989 arrest was unlawful, in violation of the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States, because he had already been arrested for, charged with and found guilty of those same acts of forgery in the East Baton Rouge Parish case. However, on December 4, 1990, Dixon pleaded guilty to one count of forgery, and was sentenced to one year of active probation in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana. Dixon alleges that his efforts to have that conviction expunged have been "to no avail." Dixon alleges that the arrest constitutes a violation of his rights guaranteed by the Fourth Amendment of the Constitution of the United States, and that "his name remains in the criminal data base of JPSO

Sheriff Newell Normand to this day, which continues to preclude his gainful professional employment and makes his DELF Inc. enterprise potential nearly non-existent."

On March 13, 2014, this court dismissed Dixon's claims against Buhler for failure to serve under Rule 4(m) of the Federal Rules of Civil Procedure because more than 120 days elapsed since the filing of the complaint, and Dixon failed to show good cause as to why service had not been effected. Dixon seeks reconsideration of that order arguing that he has now discovered Buhler's address and can effect service.

On March 27, 2014, Cummings and Normand moved to dismiss Dixon's claims against them under Rule 12(c) of the Federal Rules of Civil Procedure, arguing that Dixon's civil claims against them are an impermissible collateral attack on his conviction.

**ANALYSIS**

**A.**    **Pro Se**

Because plaintiff is proceeding pro se, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

**B.**    **Legal Standard**

A party may move for judgment on the pleadings after an answer has been filed. FED. R. CIV. P. 12(c). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Chauvin v. State Farm & Cas. Co., 495 F.3d 232, 237 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495

F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n.14 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965.  The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). A district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

**C.     Plaintiff's Claims Against Cummings and Nomand are Barred Under the Heck Rule**

In Heck v. Humphrey, 512 S.Ct. 477, 486–87 (1994), the Supreme Court of the United States held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

In a § 1983 claim against arresting officers and their supervisors, "the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Connors v. Graves, 538 F.3d 373, 376 (5th Cir.2008). "If so, the claim is barred unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id.  Further, in Edward

4

v. Balisok, 520 S.Ct. 641, 646–48 (1997), the Supreme Court of the United States found that when a plaintiff makes allegations in a civil suit brought pursuant to § 1983 that are inconsistent with a criminal conviction, his civil suit is barred under Heck.

"Although there are circumstances in which false arrest claims would not necessarily imply the invalidity of a conviction, see Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995), that is not true here." Cano v. Bexar Cnty., Tex., 280 Fed. Appx. 404, 408 (5th Cir. 2008). Dixon alleges that his November 21, 1989, arrest was unlawful and in violation of the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States, because he had already been arrested for, charged with and found guilty of the same acts of forgery for which he was arrested on that date. Dixon is claiming that his conviction in East Baton Rouge Parish was for the same conduct for which he was arrested and charged in Jefferson Parish in 1989. Dixon's allegations and the records attached to his complaint indicate that his conviction in East Baton Rouge Parish concerned his conduct at the Audubon Automotive Dealership in Baton Rouge, and his arrest and conviction in Jefferson Parish concerned his conduct at Interstate Ford. These are two different instances of criminal conduct. The thrust of Dixon's complaint is that he asks this court to "vacate his 1990 forced conviction," which is clearly barred by Heck, which states that such claims cannot be made under § 1983. Therefore, Dixon's claims against Cummings[1] and Normand are barred by Heck, and are DISMISSED WITH PREJUDICE.

---

[1] Plaintiff's claim against Buhler is identical to his claim against Deputy J. Cummings, which is barred by Heck v. Humphrey, 512 S.Ct. 477, 486–87 (1994). Therefore, service on Buhler would be futile. Therefore, his motion to reconsider this court's dismissal of his claims against Buhler for failure to serve is DENIED.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure filed by defendants, Deputy J. Cummings and Sheriff Newell Normand (Doc. #84) is **GRANTED**, and plaintiff's claims against them are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider (Doc. #83) this court's March 13, 2014, Order dismissing his claims against S. Buhler under Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve (Doc. #80) is **DENIED** as moot.

New Orleans, Louisiana, this  30th  day of May, 2014.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**